**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DARRELL MCKELLER,** | § | |
| **PLAINTIFF,** | § | |
| V. | § | **CASE NO. 3:20-CV-3065-M-BK** |
| | § | |
| **LVNV FUNDING, LLC AND CAPITAL ONE N.A.,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the United States magistrate judge for pretrial management.

Plaintiff filed this action in small claims court in August 2020, raising claims of "professional negligence" and violations of the Fair Credit Reporting Act ("FCRA) and Fair Debt Collection Practices Act ("FDCPA"). Doc. 1-2 at 2. Defendant Capital One N.A. removed the case to this Court based on federal question jurisdiction, Doc. 1 at 2-3, and Defendants filed motions to dismiss on January 26, 2021 and February 4, 2021. Doc. 23; Doc. 24. When Plaintiff failed to timely respond to either motion, The Court directed him to file responses by June 11, 2021, if he was opposed to the dismissal of his case. Doc. 29. The Court also warned Plaintiff that if he did not respond, he risked dismissal of his case without further notice. Doc. 29. The June 11, 2021 deadline has now passed and Plaintiff has not complied with the Court's order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants' dismissal motions and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, Plaintiff does not specify in his complaint when the facts underlying his claims occurred. Because the FDCPA has a one-year statute of limitations, however, it is likely that dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice. *See* 15 U.S.C. § 1692k(d) (establishing a one-year statute of limitations for violations of section 1692 of the FDCPA).

Even when limitations may prevent a plaintiff from re-filing his claim, a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) the delay was caused by intentional misconduct. *Id.*

Here, shortly after the case was removed, the Clerk notified Plaintiff that he was required to register to use the Court's electronic filing system unless he received a waiver of the requirement. Doc. 8. Defendant separately served the notice on Plaintiff as well. Doc. 9. Plaintiff neither registered nor requested a waiver. Subsequently, the Court issued an order directing Plaintiff to (1) file an amended complaint that met the requirements of Rule 8(a) of the Federal Rules of Civil Procedure and (2) register to use the electronic filing system no later than November 4, 2020. Doc. 14. Plaintiff failed to timely comply with the order, and instead filed

2

his amended complaint more than two months after the deadline and without requesting leave. Doc. 22.  He still did not register to use the Court's electronic filing system.  Defendants' currently pending *Motions to Dismiss* followed and, as detailed above, Plaintiff failed to respond to those motions despite being ordered to do so.

Thus, Plaintiff has ignored no less than three Court directives and has generally failed to prosecute his case.  Because Plaintiff is proceeding *pro se*, the delay caused by his failure to litigate his case is attributable to him alone.  *Berry*, 975 F.2d at 1191.  Moreover, given that the case has been pending in this Court alone for nine months with no fruitful activity, the Court finds that any further delay in resolving it will result in actual prejudice to Defendants.  *Id.*  In light of Plaintiff's intentional failure to respond to court orders and Defendants' motions, the age of the case, and the prejudice to Defendants, no lesser sanction than dismissal with prejudice will suffice.  Accordingly, Plaintiff's case should be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**SO RECOMMENDED** on July 22, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE